CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 10, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES R. VAUGHTER III, ) | |
|     Petitioner, ) | Case No. 7:25-cv-00953 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| COMMONWEALTH OF VIRGINIA, ) | Senior United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

James R. Vaughter III, a state pretrial detainee proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the action is **DISMISSED** without prejudice.

**I.       Background**

According to an amended petition filed on January 8, 2026, Vaughter is awaiting trial on criminal charges brought against him in the Circuit Court for the City of Lynchburg. Am. Pet., ECF No. 3, at 2. He is currently detained at the Lynchburg Adult Detention Center after previously being released on bond. Id. Vaughter alleges that his bond was revoked based on an alleged violation of his pretrial conditions that was "factually and legally impossible." Id. He claims that he "remains illegally detained solely as a result of this bond revocation" and that the Circuit Court "fail[ed] to follow proper procedure allowing for sufficient due process." Id. at 3. Vaughter asserts that he has "attempted to raise" his claims in "the lower courts" and that requiring further "administrative review [of] his claims would be futile" since it "would result in an adverse ruling." Id. He asks that the court "vacate [the] bond revocation" and order that he be immediately released from custody. Id.

## II.    Discussion

The United States Court of Appeals for the Fourth Circuit has recognized that a state pretrial detainee may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (citing Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). However, a petitioner is generally required to exhaust state court remedies before seeking federal habeas relief. Dickerson, 816 F.2d at 229; see also Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005). "Although the text of § 2241 imposes no exhaustion requirement on petitioners seeking pretrial federal habeas relief, courts have grafted an exhaustion requirement onto § 2241, which is 'judicially crafted on federalism grounds in order to protect the state court's opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.'" Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015) (quoting Dickerson, 816 F.2d at 225).

Under Virginia law, a criminal defendant has a "statutory right[] to contest the revocation of his bail as provided by [Virginia] Code § 19.2-124." Dorsey v. Commonwealth, 32 Va. App. 154, 170, 526 S.E.2d 787, 795 (Va. Ct. App. 2000). Specifically, a defendant may appeal the decision "to the next higher court or judge . . . , up to and including the Supreme Court of Virginia or a justice thereof permitted by law." Va. Code § 19.2-124. As the appellate court explained in Dorsey, a decision revoking bail has "the same effect as a denial of bail and bec[omes] appealable at that time." Dorsey, 32 Va. App. at 171 n.5, 526 S.E.2d at 795 n.5.

In the pending petition, Vaughter asserts that he has "attempted to raise" his claims in "the lower courts." Am. Pet. at 5. However, he does not allege that he appealed the bond revocation order to the Court of Appeals of Virginia or the Supreme Court of Virginia, and the court's own review of the Appellate Case Management System maintained by the state appellate courts reveals that no appeal has been filed by Vaughter. Consequently, it is clear from the petition and publicly available court records that Vaughter's claims are unexhausted, and Vaughter does not plausibly suggest that he "has no adequate remedy such that exhaustion would be futile." Wilson, 430 F.3d at 1118. Nor does he identify any "extraordinary circumstances" that would allow him to assert his claims without first exhausting state court remedies. See Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (explaining that a federal court should not exercise habeas jurisdiction at the pretrial stage in the absence of exhaustion "unless extraordinary circumstances are present"). The mere fact that Vaughter personally believes that an appeal would be unsuccessful is insufficient to excuse the exhaustion requirement. See, e.g., Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993) ("Before exhaustion will be excused, state law must clearly foreclose state court review of unexhausted claims."). Therefore, the court concludes that Vaughter's habeas petition must be dismissed without prejudice for failure to exhaust.

Because "the detention complained of arises out of process issued by a State court," Vaughter is required to obtain a certificate of appealability in order to appeal the dismissal of his § 2241 petition. 28 U.S.C. § 2253(c)(1)(A). When a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states

3

a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Vaughter has not met this standard, the court declines to issue a certificate of appealability.

### III. Conclusion

For the reasons stated, Vaughter's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice for failure to exhaust state court remedies. The court declines to issue a certificate of appealability. An appropriate order will be entered.

Entered: February 10, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.10 11:36:52
-05'00'

Michael F. Urbanski
Senior United States District Judge